In the Matter of INDEPENDENCE TERRACE CORP., Petitioner, *v.* BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents, and PALISADES APTS., INC., Intervenor-Respondent.

Supreme Court, Special Term, New York County, January 16, 1962.

*Shanley & McKegney* (*Osborne A. McKegney* of counsel), for petitioner. *Leo A. Larkin, Corporation Counsel* (*Rose Schneph* of counsel), for Board of Standards and Appeals and others, respondents. *Stein, Kosopsky & Silverman* (*David Stein* of counsel), for intervenor-respondent.

JACOB MARKOWITZ, J. This is an application by the Board of Standards and Appeals to vacate an order of certiorari, dismiss the petition, and affirm its determination. Petitioner cross-moves for summary judgment.

Petitioner's contention, as expressed in his brief, is that the floor area of the building, which the board permitted intervenor-respondent to erect, exceeds that permitted by section 15 of the Zoning Resolution in an E District. Petitioner claims that intervenor's property is an interior rather than a corner lot and that the floor area of the building is in excess of that permitted for an interior lot.

The board's return contains, *inter alia,* a finding that one side of intervenor's property borders on a street and another side " on a public park ". There is no definition in the Zoning Resolution of what constitutes a corner lot. The term " corner lot " is defined in paragraph a of subdivision 31 of section 4 of the Multiple Dwelling Law as a lot " of which at least two adjacent sides abut for their full length upon streets or public places not less than forty feet in width ". If this definition is

applicable here, there was ample basis for the board's finding that the lot was a corner lot, for a public park is a public place. If the definition, as claimed by petitioner, is inapplicable here, there was likewise ample justification for the board's finding that the lot is a corner lot, in view of the fact that it is bounded on the south side by a street and upon its west side by a public park. The open areas on two intersecting sides of the property justify the finding that the lot is a corner one, rather than an interior lot.

Petitioner urges that the finding of the board that the vacant land on the west side of the lot here involved is a park is unjustified. The zoning maps show the vacant land to be a park. Title to the land is in the City of New York and it has been allocated to the Department of Parks. In these circumstances, the board's finding that the land is a park or a public place has substantial evidence to support it.

In a supplemental memorandum, submitted, petitioner contends that the floor area of the building exceeds the amount permitted by law, even if the lot is treated as a corner lot. The petition, however, insofar as it is based upon " excess floor area ", is predicated solely upon the claim that the lot is an interior lot rather than a corner one (last 3 lines of p. 4 and first 11 lines of p. 5). The new claim made in the supplemental memorandum will, therefore, be disregarded.

It is to be noted that on an unsuccessful application made by petitioner for injunctive relief, Mr. Justice Fine found that it knew of the alleged violation of the Zoning Law as early as November, 1960, and nevertheless waited until late March, 1961, to apply for an injunction, meanwhile permitting defendant to incur very substantial expenses in excavating the site and in steel fabrication, etc. Petitioner did not avail itself of its right under subdivision b of section 668e–1.0 of the Administrative Code to apply for a stay of construction pending the determination of its appeal to the board. The building is now fully completed. Merely curtailing the amount of the floor areas of the new building which may be used would not cure the excessive size of the new building if the floor areas exceed the legal limitations. In the circumstances, petitioner's laches must be given great weight.

The cross motion for summary judgment is improper in a special proceeding. The motion will be treated as one to sustain the order of certiorari.

The board's motion to vacate the order of certiorari is granted, the petition is dismissed, and the determination of the board affirmed. The cross motion is denied.